IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50674
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER GOMEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(EP-00-CR-745-1-DB)
--------------------
March 17, 2003

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Javier Gomez appeals his convictions for conspiracy, possession with intent to distribute marijuana, and maintaining a place for the purposes of conspiring to possess with intent to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841, 846, and 856. In a prior opinion, we concluded that Gomez had standing to challenge the search of a rental truck parked in his driveway by an

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accomplice.[1]  On remand, the district court again denied Gomez's motion to suppress evidence seized from this truck because one of his accomplices voluntarily consented to the search.  The district court reinstated Gomez's conviction and sentence, and this appeal followed.

The government must establish voluntary consent by a preponderance of the evidence.  As determination of voluntariness is a factual finding, we review it for clear error.[2]  Voluntariness is evaluated using six factors: (1) custodial status; (2) the presence of coercive police procedures; (3) the extent and level of cooperation with the officers; (4) the awareness of the right to refuse consent; (5) education and intelligence; and (6) the belief that no incriminating evidence will be found.[3]  No single factor is dispositive.[4]

The gravamen of Gomez's insistence that his accomplice did not voluntarily consent to the search of the truck is (1) the accomplice was approached by a police officer in Gomez's back yard, and (2) the officer did not explicitly inform the accomplice of his right to refuse the officer's request to search the truck.  Thus,

---

[1]  See United States v. Gomez, 276 F.3d 694 (5th Cir. 2001).

[2]  See United States v. Gonzales, 79 F.3d 413, 421 (5th Cir. 1996).

[3]  See United States v. Jones, 234 F.3d 234, 242 (5th Cir. 2000).

[4]  Id.

Gomez contends, the accomplice felt "detained," and the brief exchange between the police officer and the accomplice reflected an "extremely coercive environment."

Our review of the testimony at Gomez's suppression hearing on remand persuades us that the district court's finding of voluntary consent is not clearly erroneous. The lone police officer did not make any threats, display any force, or use any coercive tactics in his interaction with the accomplice.[5] The district court found the accomplice to be educated and intelligent, and noted that he cooperated with the police, as, for example, by unlocking and opening the truck for them. Furthermore, the accomplice was not in custody,[6] and he testified at the suppression hearing that he did not feel as though he were in custody. Although the police did not explicitly inform the accomplice of his right to refuse the search request, this is not indispensable to voluntariness;[7] neither is the government specifically required to show that a defendant knew

---

[5] United States v. Tompkins, 130 F.3d 117, 121-2 (5th Cir. 1997) (affirming a finding of voluntariness given similar circumstances in which the police neither made any overt display of authority nor used threats or violence).

[6] United States v. Solis, 299 F.3d 420, 437-38 (5th Cir. 2002) (affirming a finding of voluntariness in request to search a suspect's home when the suspect was not in custody and there was no display of force by the police "beyond their presence in numbers").

[7] See id. at 438 (affirming finding of voluntariness, although police "never advised [the suspect] that he had the right to refuse consent to search" his house).

3

of his right to refuse.[8]  In our review of the totality of the circumstances, we do not perceive the presence of any clear error in the district court's finding of voluntariness.

As the district court found that the search of Gomez's residence, including the exterior area where officers encountered his accomplice, was unconstitutional, Gomez briefly suggests that (1) the testimony of one accomplice, (2) the accomplice's keys to the truck, and (3) the truck's contents are all "fruit of the poisonous tree" under Wong Sun v. United States.[9]  But, because Gomez did not raise this issue below, we review it for "plain error" only.  Gomez's argument on this point involves factual issues that could have been determined by the district court.  We conclude that the error, if any, was not "plain."[10]

Although we previously decided the issue against him, Gomez again asserts that the introduction of post-arrest statements of non-testifying accomplices was a violation of his Sixth Amendment right to confront adverse witnesses, relying on Bruton v. United States.[11]  We previously concluded that, as Gomez was tried

---

[8] United States v. Hernandez, 279 F.3d 302, 308 (5th Cir. 2002) (recognizing that "the government is not required to show that the defendant was aware of her right of refusal").

[9] 371 U.S. 471 (1963).

[10] See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995) (issues raised for first time on appeal involving factual determinations that could have been resolved below generally do not rise to level of plain error).

[11] 391 U.S. 123 (1968).

separately from these accomplices, he cannot show a Bruton violation.[12]  Under the "law of the case" doctrine, we generally will follow our prior ruling in the same case, and will not reexamine issues of law.  There is, however, an exception when the prior decision was clearly erroneous or its application would work a manifest injustice.[13]   Relying on Lilly v. Virginia,[14] Gomez asserts that our jurisprudence has been overruled, and that the prior opinion was clearly erroneous.  We disagree.

The Supreme Court in Lilly did not expressly overrule our decisions in Briscoe or Restrepo; neither have we ruled that Lilly implicitly overruled those decisions.  Furthermore, both Lilly and Bruton are distinguishable from the present case.  In Bruton, a joint trial made it impossible to "confront" a co-defendant regarding his prior statement, because under the Fifth Amendment, he could not be made to testify.  And, although the defendant in Lilly was tried separately, he could not confront his accomplice regarding the accomplice's prior statement because the accomplice had invoked the  Fifth Amendment when called to the stand.  Unlike the defendant in Bruton, Gomez was not tried jointly with his accomplice, and, unlike the defendant in Lilly, Gomez was tried

_____

[12] Gomez, 276 F.3d at 698-99 (citing United States v. Restrepo, 994 F.2d 173, 186 (5th Cir. 1993) (requiring joint trial)); United States v. Briscoe, 742 F.2d 842, 847 (5th Cir. 1984) (same)).

[13] See United States v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998).

[14] 527 U.S. 116 (1999).

5

<u>after</u> his accomplice had pleaded guilty, thereby mooting the accomplice's Fifth Amendment right against self-incrimination. Consequently, either Gomez or the government could have called the accomplice to testify regarding his statement, thereby allowing Gomez to exercise his confrontation rights. Gomez's failure to do so constitutes waiver. Under these circumstances, our prior holding on Gomez's <u>Bruton</u> claim was not clearly erroneous, and thus remains the law of the case.

The judgment of the district court is

AFFIRMED.

S:\OPINIONS\UNPUB\02\02-50674.0.wpd
4/29/04  12:20 pm